UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-763-MOC
(3:14-cr-40-MOC-1)

| | |
|---|---|
| KAREEM LAURENCE GARY, ) ) **Petitioner,** ) ) vs. ) **ORDER** ) UNITED STATES OF AMERICA, ) ) **Respondent.** ) _____) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and Respondent's Motion to Dismiss, (Doc. No. 4).

**I.  BACKGROUND**

Petitioner was charged by Bill of Information[1] with: Count (1), conspiracy to possess with intent to distribute marijuana; and Count (2), possession with intent to distribute marijuana. (3:14-cr-40, Doc. No. 1). Petitioner pled guilty to Count (1) pursuant to a written plea agreement that was supported by a written factual proffer. (3:14-cr-40, Doc. Nos. 2-3).

The PSR, which was calculated pursuant to the 2013 U.S. Sentencing Guidelines, calculated the base offense level as 26 because Petitioner was responsible for the foreseeable drug amount of 800 pounds of marijuana. (3:14-cr-40, Doc. No. 10 at ¶ 20). Two levels were added because Petitioner possessed a dangerous weapon during the course of the offense. (3:14-cr-40, Doc. No. 10 at ¶ 21). Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 25. (3:14-cr-40, Doc. No. 10 at ¶¶ 27-29). Petitioner had zero criminal history

---

[1] Petitioner waived indictment by a grand jury. (3:14-cr-40, Doc. No. 4).

points and a criminal history category of I. (3:14-cr-40, Doc. No. 10 at ¶ 33). The resulting guidelines imprisonment range was 57 to 71 months. (3:14-cr-40, Doc. No. 10 at ¶ 47). A supplement to the PSR reduced the offense level to 24, which resulted in a revised guideline imprisonment range of 46 to 57 months. (3:14-cr-40, Doc. No. 15).

Counsel filed PSR objections on Petitioner's behalf arguing, *inter alia*, that Petitioner "should be given a 4 level reduction as a minimal participant." (3:14-cr-40, Doc. No. 12). Counsel also argued in a written sentencing memorandum that Petitioner's offense level should be decreased by between two and four levels because of his minimal or minor role. (3:14-cr-40, Doc. No. 16).

The Court denied Petitioner's role reduction, adopted the PSR without change, and sentenced him to the bottom of the advisory guidelines range of 46 months' imprisonment followed by two years of supervised release on December 17, 2014. (3:14-cr-40, Doc. No. 20); see (3:14-cr-40, Doc. No. 21). Petitioner did not appeal.

On March 25, 2015, Petitioner filed a *pro se* motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 782 to the Sentencing Guidelines. (3:14-cr-40, Doc. No. 23). The Court denied relief on July 20, 2015, because Amendment 782 was applied at the time of sentencing and no further reduction is warranted. (3:14-cr-40, Doc. No. 28).

Petitioner filed the instant § 2255 Motion to Vacate on October 31, 2016. (Doc. No. 1). He argues that counsel was ineffective for failing to object to the PSR on the basis that a mitigating role adjustment should have reduced the offense level computation. He argues, that the instant Motion to Vacate is timely because the mitigating role adjustment was made effective within the past year. (Doc. No. 1 at 10).

The Government has filed a Motion to Dismiss, (Doc. No. 4), arguing that the Motion to Vacate is time-barred because was not filed within one year of his conviction and, alternatively, is meritless because counsel did, in fact, seek a role adjustment that the Court denied.

## II. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

A one-year statute of limitation applies to motions to vacate under § 2255, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

If a defendant does not file a direct appeal, his conviction becomes final when the time for filing a notice of appeal expires, that is, fourteen days from the date when the judgment was entered on the criminal docket. See Fed. R. App. P. 4(b)(1), (b)(6); Clay v. United States, 537 U.S. 522, 532 (2003); United States v. Osborne, 452 Fed. Appx. 294, 295-96 (4th Cir. 2011).

An otherwise time-barred petitioner is entitled to equitable tolling in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)); United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000)("§ 2255's limitation period is subject to equitable modifications such as tolling."). In order for equitable tolling to apply, petitioner must demonstrate that (1) he has been pursuing his rights diligently, and (2) extraordinary circumstances stood in his way and prevented him from timely filing. Holland v. Florida, 560 U.S 631, 649 (2010); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

Petitioner's conviction and sentence became final on December 31, 2014, when the time for filing a notice of appeal expired. See Clay, 537 U.S. at 532; Osborne, 452 Fed. Appx. at 295-96. Petitioner filed the instant § 2255 Motion to Vacate 10 months late on June 21, 2016.

Petitioner argues that the instant Motion to Vacate is timely because the mitigating role adjustment was made effective within the past year. Petitioner appears to refer to U.S. Guideline Amendment 794, which clarifies the requirements for reducing a defendant's offense level based on a "minor" or "minimal" role under U.S. Sentencing Guidelines § 3B1.2. Although Petitioner

4

filed the instant motion within one year of the effective date of Amendment 794, it is not a newly recognized right by the Supreme Court as required by § 2255(f)(3). Nor does Amendment 794 provide Petitioner newly discovered facts pursuant to § 2255(f)(4) because "the limitation period provided for in § 2255(f)(4) goes to newly discovered facts or evidence, not a change in the law." Blakney v. United States, 2011 WL 1113468 at *3-4 (D.S.C. March 24, 2011).

Neither equitable tolling nor any other exception to the one-year statute of limitations applies, and therefore, the § 2255 Motion to Vacate is time-barred.

Even if the instant § 2255 Motion to Vacate was not time-barred it would fail on the merits because Petitioner's claim of ineffective assistance of counsel is conclusively refuted by the record. Counsel sought a role reduction for Petitioner in written objections to the PSR and in the sentencing memorandum. Moreover, Amendment 794 is not retroactively applicable to cases on collateral review because it is not listed in U.S. Sentencing Guidelines § 1B1.10. See United States v. Dunphy, 551 F.3d 247, 249 n. 2 (4th Cir. 2009) ("A guideline amendment may be applied retroactively only when expressly listed in U.S.S.G. § 1B1.10[(d)].").

This § 2255 Motion to Vacate is therefore time-barred and, alternatively, fails on the merits.

**IV.     CONCLUSION**

For the foregoing reasons, the Court grants Respondent's Motion to Dismiss and dismisses Petitioner's § 2255 Motion to Vacate with prejudice as time-barred.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** with prejudice.

2. Respondent's Motion to Dismiss, (Doc. No. 4), is **GRANTED.**

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: February 2, 2018

Max O. Cogburn Jr
United States District Judge